IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARGERY A. CARRASCO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO.: 4:16-cv-00520 |
| | ) |
| THE LINCOLN NATIONAL LIFE | ) (removed from the 11th Judicial District |
| INSURANCE COMPANY, | ) Court of Harris County, Texas, 2016- |
| | ) 00376) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, and 29 U.S.C. § 1132(e)(1), Defendant The Lincoln National Life Insurance Company ("Lincoln") removes this action to the United States District Court for the Southern District of Texas, Houston Division. This Court has federal question jurisdiction because Plaintiff Margery A. Carrasco ("Carrasco") seeks to recover accidental death and safe driver benefits under an employee welfare benefits plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. In support of this Notice of Removal, Lincoln states as follows:

### I.    FACTUAL AND PROCEDURAL BACKGROUND

1.     Plaintiff Margery Carrasco, individually and as insurance beneficiary, commenced this civil action against Defendants in the 11th Judicial District Court of Harris County, Texas on January 5, 2016. The state court action is Case No. 2016-00376.

1

2. Carrasco's claims arise out of a dispute regarding benefits under an employee benefit plan and must be raised pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.*, ("ERISA"). *See* Ex. A, Compl.

3. The 11th Judicial District Court of Harris County, Texas is a state court within this judicial district and division. *See* 28 U.S.C. § 124.

4. Copies of all process and pleadings served upon Lincoln in this action to date are attached hereto as Exhibit A. There have been no other process, pleadings or orders served upon Lincoln to date other than those contained in Exhibit A.

5. Lincoln was served with process on February 8, 2016.

## II.     GROUNDS FOR REMOVAL

**A.     Federal Question Jurisdiction**

6. This action is properly removable under 28 U.S.C. § 1441(a), which provides in pertinent part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

7. Pursuant to 28 U.S.C. § 1331, as amended, the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

8. State law claims completely preempted by ERISA "arise under the laws of the United States and [are] removable to federal court by the defendants." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 67 (1987) (internal quotations and citations omitted)); *Arana v. Ochsner Health Plan*, 338 F.3d 433, 439 (5th Cir. 2003) ("state law actions displaced by the civil enforcement provisions of ERISA can be characterized as claims arising under federal law" and "such actions can properly be removed to federal court"); *McClelland v. Gronwaldt*, 155 F.3d 507,

516 (5th Cir. 1998) (complete preemption "'recharacterizes' preempted state law claims as 'arising under' federal law for the purposes of…making removal available to the defendant.").

9. Claims within the scope of ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)(1)(B), are completely preempted and therefore removable. *See Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209-14 (2004) ("any state-law cause of action that duplicates, supplements or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted"); *Arana*, 338 F.3d at 437 ("state law claims seeking relief within the scope of ERISA's [civil enforcement provisions] are completely preempted").

10. Here, Carrasco's claims fall directly within ERISA's civil enforcement provisions and are completely preempted. Specifically, Carrasco alleges in her Complaint to be the beneficiary of an insured employee group welfare benefit plan established and maintained by Express Consolidation Systems, Corporation ("Express"). Ex. A, Compl. at Ex. 2, ¶¶ 1-2. A true and correct copy of the employee group welfare benefit plan, hereinafter referred to as the "Express Plan," is attached as Exhibit 1 to Beyer Declaration (Exhibit B). In addition, Carrasco's Complaint alleges Lincoln improperly denied Plaintiff's claim for benefits under the Express Plan. *See* Ex. A, Compl. at pgs. 2-4; Ex. B, Beyer Dec.

11. By seeking coverage and benefits under the Express Plan, Carrasco's Complaint seeks relief squarely within ERISA's civil enforcement provisions. 29 U.S.C. § 1132(a)(1)(B) ("A civil action may be brought…(1) by a participant or beneficiary…(B) to recovery benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.").

12. Carrasco's Complaint is based solely on the allegation that she was not provided benefits under the Express Plan, and Lincoln's only relationship with Carrasco is the fact that it was the claims administrator of the Express Plan. As such, any obligations owed by Lincoln arise only from the Express Plan. Under Fifth Circuit law, this case is properly removable on the basis of federal question jurisdiction. *See Lone Star OB/GYN Assoc. v. Aetna Health Inc.*, 579 F.3d 525, 529 (5th Cir. 2009) (holding that "even if the plaintiff did not plead a federal cause of action on the face of the complaint, the claim is "'necessarily federal in character'" if it implicates ERISA's civil enforcement scheme'"); *Smith v. Reg'l. Transit Auth.*, 756 F.3d 340, 345 (5th Cir. 2014); *Clayton v. ConocoPhillips Co.*, 722 F.3d 279, 285 (5th Cir. 2013) *cert. denied*, 134 S. Ct. 906 (2014).

13. Accordingly, this Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. § 1132(e)(1) and Plaintiff's claims raise federal questions under which this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331.

### B. Diversity Jurisdiction

14. This action is properly removable under 28 U.S.C. § 1441(a) because the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

#### *1. There is Complete Diversity of Citizenship Between the Parties.*

15. This action involves "citizens of different states." 28 U.S.C. § 1332(a)(1).

16. Lincoln is a corporation organized and existing under the laws of the State of Indiana with its principal place of business located in Radnor, Pennsylvania. Accordingly, Lincoln

4

is a citizen of Indiana and Pennsylvania for purposes of diversity jurisdiction.  28 U.S.C. § 1332(c)(1).

17. Upon information and belief, the Plaintiff is a citizen of Texas.  Plaintiff pleads that she is "a citizen of the State of Texas." (Ex. A, Compl., § II).  Under federal law, Plaintiff's pleading is *prima facie* evidence that the Plaintiff is a citizen of Texas.  *See Cooper v. Newell*, 155 U.S. 532, 533 (1895) ("They are averred in the petition to be residents.  Residence is prima facie evidence of citizenship"); *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954) ("Residence alone is not the equivalent of citizenship, although the place of residence is prima facie the domicile.").

18. There are no other parties to this action.  (*See* Ex. A, Compl.).

19. Accordingly, complete diversity of citizenship of the parties to this action exists and removal is therefore proper under 28 U.S.C. § 1332 and § 1441(b).

### *2.     The Amount in Controversy Exceeds $75,000.*

20. The amount in controversy in this action clearly exceeds the $75,000 jurisdictional threshold.  28 U.S.C. § 1332(a).

21. In her Complaint, Plaintiff specifically seeks $60,000 in actual damages, plus attorney's fees and costs.  (Ex. A, Compl., § VI).

22. Based on Plaintiff's allegations (and setting aside the defense of ERISA preemption), her claims for attorney's fees may be considered for purposes of establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold.  Accordingly, the amount in controversy requirement is satisfied.

### III. ALL OTHER PREREQUISITES FOR REMOVAL ARE SATISFIED.

23. In addition to adequately demonstrating that federal question jurisdiction exists, Lincoln has satisfied all other requirements for removal.

24. In accordance with 29 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Lincoln and within the state court file are included within the attached Exhibit A which contains the following:

    A1:    Docket Sheet

    A2:    Petition, filed January 5, 2016

25. Removal to this district is proper under 28 U.S.C. § 124 because the Southern District of Texas, Houston Division, embraces the forum in which the removed action was pending.

26. In accordance with 28 U.S.C. §1446(d), Lincoln will promptly provide written notice of the filing of this Notice of Removal to Carrasco and shall file a copy of this Notice along with a Notice of Filing Notice of Removal with the Clerk of the 11th Judicial District Court of Harris County, Texas, where this action is currently pending.

27. Finally, removal of this action is timely. Lincoln was served with process in this action on February 8, 2016. This removal is timely under 28 U.S.C. § 1446(b) because Lincoln filed this notice within thirty (30) days of such service. *See* 28 U.S.C. § 1446(b)(1).

28. Lincoln is the only defendant named in this action; therefore, no consent from another party is required.

29. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of rights to assert any defense or affirmative matter, whether pursuant to Federal Rule of Civil Procedure 8(c) or Federal Rule of Civil Procedure 12(b).

30. Lincoln reserves the right to amend or supplement this Notice of Removal.

**WHEREFORE**, Defendant The Lincoln National Life Insurance Company prays this Court will make any and all orders necessary to effect the removal of this action from the 11th

Judicial District Court of Harris County, Texas, and will prepare the true record of all proceedings that may have been had in the state court.

        Respectfully submitted,

        *s/Jon H. Patterson*
        Jon H. Patterson, Attorney-in-Charge
        Texas Bar No. 24077588
        Southern District of Texas Bar No. 1100212
        BRADLEY ARANT BOULT CUMMINGS LLP
        One Federal Place
        1819 Fifth Avenue North
        Birmingham, AL 35203-2104
        Telephone: (205) 521-8000
        Facsimile: (205) 521-8800

        *Attorneys for Defendant The Lincoln National Life Insurance Company*

## CERTIFICATE OF SERVICE

      I hereby certify that on February 26, 2016 I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and that a copy of the foregoing was served upon the following by U.S. First Class Mail, postage pre-paid:

      Bradford N. Oesch
      3 Riverway, Suite 1800
      Houston, Texas 77056
      Email: brad@oeschlaw.com
      *Attorney for the Plaintiff*

      *s/Jon H. Patterson*
      **OF COUNSEL**