# EXHIBIT A

# EXHIBIT A-1

**HCDistrictclerk.com**          CARRASCO, MARGERY A vs. LINCOLN NATIONAL          2/24/2016
                                 LIFE INSURANCE COMPANY (IS A CORP
                                 Cause: 201600376      CDI: 7      Court: 011

**APPEALS**

No Appeals found.

**COST STATMENTS**

No Cost Statments found.

**TRANSFERS**

No Transfers found.

**POST TRIAL WRITS**

No Post Trial Writs found.

**ABSTRACTS**

No Abstracts found.

**SETTINGS**

No Settings found.

**NOTICES**

No Notices found.

**SUMMARY**

CASE DETAILS                                        COURT DETAILS

| | | | | |
|---|---|---|---|---|
| **File Date** | 1/5/2016 | | **Court** | 011th |
| **Case (Cause) Location** | Civil Intake 1st Floor | | **Address** | 201 CAROLINE (Floor: 9) |
| **Case (Cause) Status** | Active - Civil | | | HOUSTON, TX 77002 |
| **Case (Cause) Type** | Debt/Contract - Consumer/DTPA | | | Phone:7133686020 |
| **Next/Last Setting Date** | N/A | | **JudgeName** | MICHAEL D. MILLER |
| **Jury Fee Paid Date** | N/A | | **Court Type** | Civil |

**ACTIVE PARTIES**

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| CARRASCO, MARGERY A | PLAINTIFF - CIVIL | | OESCH, BRADFORD N. |
| LINCOLN NATIONAL LIFE INSURANCE COMPANY (IS A CORPORATION) | DEFENDANT - CIVIL | | |

**INACTIVE PARTIES**

No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|------|-------------|--------------|-----------|-----|--------------|-----------------|---------------|
| 1/5/2016 | ORIGINAL PETITION | | | 0 | | OESCH, BRADFORD N. | CARRASCO, MARGERY A |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|------|--------|------------|--------|-----------|--------|--------|----------|----------|----------|------------|
| CITATION (NON-RESIDENT CORPORATE) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | LINCOLN NATIONAL LIFE INSURANCE COMPANY (IS A CORPORATION) | 1/5/2016 | 1/7/2016 | | | | 73204347 | MAIL TO ATTORNEY |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 68437495 | Plaintiff's Original Petition | | 01/05/2016 | 5 |
| 68440799 | Letter to Court re Citation and Exhibits | | 01/05/2016 | 1 |
| -> 68440801 | Exhibit 2 - Defendants Denial of Plaintiffs Claim | | 01/05/2016 | 3 |
| -> 68440802 | Exhibit 3 Accidental Death and Dismemberment Ins | | 01/05/2016 | 1 |
| -> 68440803 | Exhibit 4 - Safe Driver Benefit | | 01/05/2016 | 1 |

GZJ FOKV C/4

1/5/2016 1:05:09 PM
Chris Daniel - District Clerk Harris County
Envelope No. 8458824
By: Nelson Cuero
Filed: 1/5/2016 1:05:09 PM

FEB 0 8 2016

CAUSE NO. _____

| | | |
|---|---|---|
| MARGERY A. CARRASCO | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| THE LINCOLN NATIONAL LIFE | § | |
| INSURANCE COMPANY | § | OF HARRIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** Plaintiff, MARGERY A. CARRASCO, and respectfully files its Original Petition complaining of the actions of **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY** ("Defendants") and in support thereof would respectfully show unto this Court as follows:

### I. DISCOVERY CONTROL PLAN

Pursuant to TEX. R. CIV. P 190.3, discovery is intended to be conducted under Level 2.

### II. PARTIES

Plaintiff, MARGERY A. CARRASCO, is and has been a citizen of the State of Texas at all times material hereto.

Defendant, THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, is a corporation doing business in the State of Texas and can be served with citation herein by serving The Lincoln National Life Insurance Company at its office at 8801 Indian Hills Drive, Omaha, NE, 68114.

### III. VENUE AND JURISDICTION

Venue is proper in Harris County, Texas under TEX. CIV. PRAC. & REM. CODE §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim made the basis of this lawsuit occurred in Harris County.

2016-00376 / Court: 011

Certified Document Number: 68437495 - Page 1 of 5

## IV. BACKGROUND

On February 2, 2013, in Harris County, Texas Plaintiff's mother, Margery D. Carrasco, hereinafter "Ms. Carrasco", was in a serious automobile accident. She was a passenger in a vehicle involved in a major multi-vehicle collision. The car Ms. Carrasco was in was first struck from the rear, slammed into a power pole and flipped multiple times crossing into oncoming traffic and hit another vehicle. In addition to multiple blunt force injuries from the impacts, multiple airbags in the vehicle were deployed striking Ms. Carrasco. Ms. Carrasco sustained severe blunt force trauma in the accident which resulted in severe bodily injuries including severe injury to her spine which rendered her a paraplegic. She never recovered from those injuries and died on January 14, 2014, less than 365 days from the date of the accident, directly from the injuries she sustained in that accident.

## V. FACTS

Within 60 days of Ms. Carrasco's death, her daughter, Plaintiff Margery A. Carrasco, submitted a claim to Defendant for benefits payable under an accidental death benefit policy of $50,000, plus a safe driver benefit of $10,000. Defendants denied that claim. When Plaintiff attempted to appeal that decision, she provided the necessary information via mail to Defendant on or about June 13, 2014, the date she obtained a certified copy of the amended Death Certificate. *See attached Exhibit 1.* Plaintiff included the amended Death Certificate dated June 6, 2014, and she received confirmation that delivery was made on June 23, 2014. Although Defendant's policy requires that they pay claims within 60 days after receiving acceptable proof for a payout, no payment was made. Further, although the proof necessary to trigger the benefit to be paid was provided June 23, 2014, Defendant's decision to wrongfully deny Plaintiff's claim was not

Certified Document Number: 68437495 - Page 2 of 5

disclosed to her until September 8, 2014, at which time Plaintiff was advised that her claim had again been denied.

Defendant's denial of Plaintiff's claim dated September 8, 2014 stated that the denial was based on Defendant's determination that the death certificate indicated that Margery D. Carrasco passed away due to sepsis from a wound infection on January 14, 2014. *See attached Exhibit 2.* However, the error on cause of death was corrected in the amendment to the Medical Certification of Death on June 6, 2014 which clearly indicates cause of death as "Complications Following Blunt Trauma with Paraplegia". This amendment to the cause of death corrected the document to reflect the proper cause of death. *See Exhibit 1.*

## VI. CAUSES OF ACTION

**Breach of Contract .**

Upon information and belief, defendant has committed breach of its contractual obligations with plaintiff in one or more of the following:

1.      Failure to pay benefits under the Accidental Death policy in the amount of $50,000.00. *See the Accidental Death and Dismemberment Insurance, attached hereto as Exhibit 3.*

2.      Failure to pay benefits under the Safe Driver policy in the amount of $10,000.00. *See the Safe Driver Benefit, attached hereto as Exhibit 4.*

Each of the foregoing actions constitutes a breach of Defendant's agreement with Plaintiff, and is a cause of damages to Plaintiff. Plaintiff seeks actual damages therefrom in the amount of $60,000.00.

## VII. ATTORNEY'S FEES

Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to

Certified Document Number: 68437495 - Page 3 of 5

the Court of Appeals and the Supreme Court of Texas, as well as attorney's fees incurred in connection with collecting on the judgment, as the Court deems equitable and just, as provided by: Chapters 37 & 38 of TEX. CIV. PRAC. & REM. CODE, and as permitted under the written agreements of the parties.

## PRAYER

WHEREFORE, Plaintiff MARGERY A. CARRASCO respectfully requests that a final judgment be entered against Defendants for the following:

1.  All actual damages;

2.  Reasonable and necessary attorney's fees;

3.  Pre- and Post-judgment interests;

4.  Any further damages the Court deems equitable and just.

Respectfully submitted,
BRADFORD N. OESCH, P.C.

Bradford N. Oesch
SBN: 15220050
3 Riverway, Suite 1800
Houston, Texas 77056
713/771-7555- Telephone
brad@oeschlaw.com

ATTORNEY FOR PLAINTIFF, MARGERY A. CARRASCO

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been delivered unto all interested parties, in accordance with TEX. R. CIV. P. 21 and 21a, on the _____5th_____ day of January, 2016.

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY
8801 Indian Hills Drive
Omaha, NE 68114

_____
Bradford N. Oesch



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 5, 2016

Certified Document Number:        68437495

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**



September 08, 2014

The Lincoln National Life
Insurance Company
Service Office:
8801 Indian Hills Drive
Omaha, NE 68114-4066
toll free (800) 423-2765
www.LFG.com

MARGERY A CARRASCO
4402 WILD ROSE HILL LANE
RICHMOND TX 77469

RE:   PolicyHolder:      Express Consolidation Systems, Corp
      Policy Number:     000010062760-00000
      Claim Number:      1012714-1079081
      Deceased:          Margery D Carrasco

Dear Ms. Carrasco:

We have completed our review of your appeal for Accidental Death & Dismemberment for Margery D Carrasco. Based on the information provided, we have determined that we are unable to approve benefits. In our appeal review process, all information previously submitted as well as any new documentation was used to make a determination.

To be eligible for benefits under the policy issued to Express Consolidation Systems, Corp, an individual must satisfy all of the provisions of the policy. The specific terms, conditions and limitations of the policy provisions for the Accidental Death and Dismemberment Insurance portion of your employer's plan include, but are not limited to, the following:

**DEATH OR DISMEMBERMENT BENEFIT FOR AN INSURED PERSON.**
The Company will pay the benefit listed below, if:
(1) an Insured Person sustains an accidental bodily injury while insured under this provision; and
(2) that injury directly causes one of the following losses within 365 days after the date of the accident.
The loss must result directly from the injury and from no other causes

### Summary of Appeal

On 6/23/2014 you filed an appeal in response to our determination to deny benefits.

Packet: 235633
©2014 Lincoln National Corporation
www.LincolnFinancial.com
Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.
Affiliates are separately responsible for their own financial and contractual obligations.



The information provided to our office indicates Margery D Carrasco was involved in a motor vehicle accident on 2/2/2013. Due to the injuries she sustained during the accident she became paraplegic.

The certified death certificate indicates that Margery D Carrasco passed away due to sepsis from a wound infection on 1/14/2014.

### Appeal Decision

Based on our review of the information we find that Margery D Carrasco's death from sepsis from a wound infection was not a direct result from her motor vehicle accident on 2/2/2013. The policy states "The loss must result directly from the injury and from no other causes." We acknowledge that wound infections may be a common complication for people with paraplegia; however, she did not suffer the wound infection at the time of the motor vehicle accident. Therefore, we are unable to overturn the original denial of benefits.

As a reminder, you have exhausted your first level of appeal. If you disagree with this decision you may pursue your final administrative appeal. Please be sure to include with your letter of appeal all medical records and supporting documentation that you would like to have considered for review. Such request must be made in writing and submitted to us at the address below within 60 days after you receive this denial notice.

> Risk Services
> The Lincoln National Life Insurance Company
> PO Box 2337
> Omaha, NE 68103
> Fax: 402-361-1460

Please include your reason(s) for appealing and provide any proof documentation, such as office notes, laboratory results, x-rays and any other testing results to support your appeal. We will then provide you with a full written explanation of the decision within 60 days of receipt of your appeal.

Please be sure to include your policy number and claim number. If you wish, you may also submit your comments and views of the issues in writing, and may request copies of the pertinent documents.

If your plan is subject to ERISA, you and your plan may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your local US Department of Labor Office and your State insurance regulatory agency. In addition, once all required reviews of your claim have been completed; you have the right to bring a civil action under applicable law.

Please contact our office with any questions you may have at the number listed above.

Sincerely,


Trish Pellett
Appeals Specialist
The Lincoln National Life Insurance Company

## ACCIDENTAL DEATH AND DISMEMBERMENT INSURANCE

**DEATH OR DISMEMBERMENT BENEFIT FOR AN INSURED PERSON.** The Company will pay the benefit listed below, if:

    (1)  an Insured Person sustains an accidental bodily injury while insured under this provision; and
    (2)  that injury directly causes one of the following losses within 365 days after the date of the accident.

The loss must result directly from the injury and from no other causes.

Termination of this Policy or the Insured Person's coverage prior to the date of loss will not prejudice a claim; provided the loss results from an injury sustained while insured under this Policy.

| LOSS | BENEFIT FOR COMMON CARRIER ACCIDENT | BENEFIT FOR OTHER COVERED ACCIDENT |
|---|---|---|
| Loss of Life | 2 Times Principal Sum | Principal Sum |
| Loss of One Member (Hand, Foot or Eye) | Principal Sum | 1/2 Principal Sum |
| Loss of Two or More Members | 2 Times Principal Sum | Principal Sum |

The Principal Sum for the Insured Person's class is shown in the Schedule of Insurance.

**MAXIMUM PER PERSON.** If an Insured Person sustains more than one loss resulting from the same accident, the benefit:

    (1)  will be the one largest amount listed;
    (2)  will not exceed two times the Principal Sum for all of that person's combined losses resulting from a Common Carrier Accident; and
    (3)  will not exceed the Principal Sum for all of that person's combined losses resulting from any other covered accident.

**TO WHOM PAYABLE.** Benefits for the Insured Person's loss of life will be paid in accord with the Beneficiary section. All other benefits will be paid to the Insured Person.

**LIMITATIONS.** Benefits are not payable for any loss to which a contributing cause is:

    (1)  intentional self-inflicted injury or self-destruction;
    (2)  disease, bodily or mental infirmity, or medical or surgical treatment of these;
    (3)  the claimant's participation in a riot;
    (4)  duty as a member of any military, naval or air force;
    (5)  war or any act of war, declared or undeclared;
    (6)  the claimant's commission of or attempt to commit a felony;
    (7)  the claimant's intoxication or being under the influence of any narcotic; unless administered or consumed on the advice of a Physician;
    (8)  voluntary inhalation of gas, including carbon monoxide; or
    (9)  travel or flight in any aircraft, including balloons and gliders; except as a fare paying passenger on a regularly scheduled flight.

101-14.3A 01 NJ

19

COMMON CARRIER
01/01/05



## SAFE DRIVER BENEFIT

BENEFIT. If an Insured Person dies as a direct result of a covered auto accident, for which Accidental Death and Dismemberment Benefits are payable; then:

(1)   an additional Seat Belt Benefit will be payable, if the Insured Person was wearing a properly fastened seat belt at the time of the accident; and

(2)   an additional Air Bag Benefit will be payable, if the auto was equipped with air bag(s).

The Seat Belt Benefit equals $10,000 or 10% of the Principal Sum, whichever is less; and the Air Bag Benefit equals $10,000 or 10% of the Principal Sum, whichever is less. The Seat Belt Benefit and the Air Bag Benefit will not be less than $1,000 per Insured Person. The Principal Sum is the amount payable because of the Insured Person's accidental death.

A copy of the police report must be submitted with the claim. The position of the seat belt or presence of an air bag must be certified by:

(1)   the official accident report; or

(2)   the coroner, traffic officer or other investigating officer.

Upon receipt of satisfactory written proof, the additional benefit will be paid in accord with the Beneficiary section.

DEFINITIONS. As used in this provision:

'Auto" means a 4-wheel passenger car, station wagon, jeep, pick-up truck or van-type car. It must be licensed or use on public highways. It includes a car owned or leased by the Group Policyholder.

Intoxicated" or "Under the Influence of Narcotics" shall be defined as by the jurisdiction where the accident ccurs.

Narcotics" means substances which:

(1)   are classified as such by the American Psychiatric Association; and

(2)   are subject to legal restriction or require a Physician's written prescription.

hey include (but are not limited to) cannabis, cocaine, opiates, amphetamines, hallucinogens, sedatives, /pnotics and anxiolytics.

eat Belt" means a properly installed:

(1)   seat belt or lap and shoulder restraint; or

(2)   other restraint approved by the National Highway Traffic Safety Administration.

MITATIONS. Safe Driver Benefits will not be paid if:

(1)   the Accidental Death and Dismemberment Benefit is not paid under this Policy for the Insured Person's death; or

(2)   at the time of the accident, the Insured Person was driving while intoxicated or under the influence of narcotics (unless administered or consumed on the advice of a Physician).



Seat Belt & Air Bag
01/01/05